UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN,<br><br>Plaintiff,<br><br>v.<br><br>ANN LEWIS, *et al.*,<br><br>Defendants. | Case No. C16-1038-RSL<br><br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, proceeding *pro se*, has filed a proposed complaint, an application to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel and in the above-entitled civil action. Dkt. 1; Dkt. 1-1, Dkt. 1-3. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, plaintiff's motion requesting counsel, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and her IFP application and motion for appointment of counsel, Dkt. 1 and Dkt. 1-3, be DENIED as MOOT. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. BACKGROUND

Plaintiff's proposed complaint against Ann Lewis (also known as Patricia Smith), as well as the United Methodist Church/Hammond House and twenty-six unnamed Hammond

REPORT AND RECOMMENDATION
PAGE - 1

House residents, is very difficult to decipher.  She states that "the CIA has an active case on this individual.  I'm the first one to bring it to court to retrieve my assets, help the law apprehend the suspects and intervene for the children in this child pornography case dating back to God knows I believe 2007.  My church that I own (sic)." Dkt. 1-1 at 2.  She states that "My assets that I'm trying to recover are upheld by this individual due to her saying she is the signor on my account and she change the name of my church along with another party [whose] case is in Ninth . . . Court of Appeals.  I'm asking for full criminal charges to be applied and pursued by federal court and my assets recovered." *Id.*  Plaintiff further asks that this person "be reinvestigated for murder of the children in my current neighborhood, she's a registered sex offender and residing at the address I listed." *Id*. at 3.  In the requested relief section of the proposed complaint, plaintiff states that "I am a Homeland Security Operational Active Secret Service Agent . . . Now I'm asking, who is our President?" *Id.* at 4.  The numerous attachments to plaintiff's complaint range from Account Authorization Forms from the Northwest United Methodist Foundation to Wikipedia printouts regarding the "Five Holy Wounds" suffered by Jesus Chris during the crucifixion in Christian tradition.  *Id*. at 5-35.

### III.   DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2).  This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to provide any basis for jurisdiction in this Court, or otherwise raise a right to relief above the speculative level. *See* FRCP 8(a); *Twombly*, 550 U.S. at 555. Specifically, plaintiff's proposed complaint lacks a cognizable legal theory against the named defendants, which include a woman named Ann Lewis, a United Methodist Church/Hammond House, and Hammond House residents. Accordingly, her proposed complaint appears frivolous. *See* Dkt. 1-1.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice, and that her IFP application, Dkt. 1, and motion for appointment of counsel, Dkt. 1-3, be DENIED as MOOT. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 8, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within fourteen (14) days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 12, 2016**.

//

//

//

//

1  This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 18th day of July, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

PAGE - 4